IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELIUS TUCKER, JR., )<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL MUNNS; et seq.; )<br>Defendants. ) | Civil Action No. 05-1313<br><br>Judge Terrence F. McVerry /<br>Magistrate Judge Lisa Lenihan |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.  **RECOMMENDATION**

It is respectfully recommended that the Complaint in the above-captioned case be dismissed based upon Plaintiff's failure to prosecute this action.

II.  **REPORT**

Plaintiff instituted this action on September 6, 2005 with the filing of a Complaint and Motion to Proceed In Forma Pauperis. Plaintiff's complaint was unreadable, illegible and failed to set forth any coherent legal cause of action. Therefore, on October 12, 2006, this Court ordered Plaintiff to file an Amended Complaint no later than November 4, 2005 (doc. no. 2). A notice of change of address was filed on November 14, 2005 and a second Order was issued to Plaintiff to file an Amended Complaint in compliance with Federal Rule of Civil Procedure 8(e) no later than December 21, 2005 (doc. no. 4).

1

Plaintiff filed a notice of appeal with the Third Circuit, which was dismissed on March 20, 2006. This Court then granted Plaintiffs Motion to Proceed In Forma Pauperis and again ordered him to file an amended complaint no later than April 30, 2006 (doc. no. 10). On May 31, 2006, this Court ordered Plaintiff to show cause no later than June 15, 2006, why this Court should not dismiss his case for failure to prosecute pursuant to F.R.C.P. 4(m). To date, Plaintiff has not responded to any of this Court's Orders.

A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1) the extent of the party's personal responsibility;

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) the meritoriousness of the claim or defense.

Although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction

will be upheld). Under these directives, this Court will analyze the present action to determine whether it should grant the Defendant's motion to dismiss based on the Plaintiff's failure to prosecute.

Plaintiff is proceeding *pro se* in this action. Thus, all actions must be attributable to him as he has no counsel upon which he is relying to proceed to prosecute his case. Accordingly, under the first factor, it appears that Plaintiff personally is responsible for the failure to respond to this Court's deadline to file a response to Defendants' Motion. With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's Orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to the Defendants other than general delay. With respect to the third factor, Plaintiff has failed to respond to this Court's Orders. Plaintiff has not filed any response to date; nor has he filed any motion for an extension of time. Thus, he has shown dilatoriness in proceeding with his action. With respect to the fourth factor, this Court cannot determine whether the conduct of the Plaintiff was willful or in bad faith. The fifth factor to consider is the effectiveness of sanctions other than dismissal. Because Plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. Finally, it does not appear from Plaintiff's allegations that he has a high likelihood to prevail under 42 U.S.C. § 1983.

**III.  CONCLUSION**

The analysis of the six factors as applied to the facts before this Court reveals that the Complaint in this action should be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to

this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

 s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE

Dated: September 13, 2006

cc: The Honorable Terrence F. McVerrey
United States District Judge

Cornelius Tucker, Jr.
0412703
1300 Western Blvd.
Raleigh, NC 27606